**FITCH v. LOMAX et al. (No. 7772.)**

Court of Civil Appeals of Texas. San Antonio. June 29, 1927.

Rehearing Denied July 30, 1927.

1. **Appeal and error** ⟨⟩179(3)—In action to enforce contract, defendant not seeking rescission and abandoning prayer for reformation cannot complain because contract was enforced as written.

In action to enforce contract, in which defendant did not seek rescission and abandoned prayer for reformation, he cannot complain because court enforced it as written, since contract stood unimpeached in case made by pleadings.

2. **Contracts** ⟨⟩97(1)—Party to contract who failed to object when discovering objectionable clause waived claim of fraud and mistake and is estopped from complaining of contract as written.

Party to contract held to have waived claim of fraud and mistake, and is estopped from complaining of conditions of contract as written, where he "kept quiet and said nothing" when he discovered objectionable clause.

3. **Trial** ⟨⟩396(6)—Judgment enforcing contract as written held proper, notwithstanding immaterial finding that parties did not agree to certain provision, which was afterwards confirmed by all parties.

Judgment enforcing contract as written will be affirmed though contrary to jury's finding that parties did not agree to certain provision, since such finding is immaterial and will be disregarded where such provision was later acquiesced in and confirmed by all parties.

4. **Appeal and error** ⟨⟩882(14) — Appellant cannot complain of submission of issue prepared and submitted at his request.

Where issue was prepared by appellant and submitted by court at appellant's request, he will not be heard to complain of its submission on appeal.

5. **Appeal and error** ⟨⟩758(3)—Admission of exhibit will not be reviewed, where appellant's brief does not show circumstances under which document was admitted.

Appellant's contention that court erred in admitting certain exhibit will be disregarded, where his brief does not show, either by setting out particular testimony or bills of exception or other parts of record or otherwise, except by his general conclusions, under what circumstances document was admitted.

6. **Judgment** ⟨⟩707—One not party to suit to enforce contract is not bound by judgment.

In suit to enforce contract, one who was not party to suit is not bound or concluded by judgment.

7. **Appeal and error** ⟨⟩877(3)—Defendants in suit to enforce contract cannot complain of judgment as to one who was not party.

In suit to enforce contract, defendants are not in position to complain of judgment as to one who was not party to suit, since they were not injured thereby.

8. **Appeal and error** ⟨⟩760(2)—One complaining of admission of testimony must set forth testimony or substantial statement thereof with appropriate record references.

In order to enable appellate court to determine whether testimony was properly admitted, complaining party must set forth very testimony objected to, or at least full substantial statement thereof with appropriate record references.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by John T. Lomax and another against Homer L. Fitch. Judgment for plaintiffs, and defendant appeals. Affirmed.

H. B. Galbraith, Wells & Richards, and H. L. Yates, all of Brownsville, and Baker, Botts, Parker & Garwood, of Houston, for appellant.

Seabury, George & Taylor, and Graham & Graham, all of Brownsville, for appellees.

SMITH, J. In the year 1921 Homer L. Fitch, appellant herein, purchased valuable real estate in and about the city of Brownsville, from the New York & Brownsville Improvement Company, Limited, the consideration being paid partly in cash and partly in vendor's lien notes. The vendee was given the privilege of resale of the property in parcels, with a conditional provision for release of the vendor's lien upon the parcels resold. It transpired that Fitch was unable to meet his obligations to his vendor, who threatened foreclosure by bringing suit therefor; and in order to escape the disaster Fitch sold an undivided one-half of his interest in the project to John T. Lomax and G. G. Hanson, appellees herein. In the meantime Fitch had sold many parcels of the land. For some of these parcels he had collected a part, but not all, of the consideration he was to receive from his vendees, and therefore had not procured from his vendor the releases of those tracts provided for in the conveyance to him. As to these particular tracts Fitch had collected approximately $20,000 of the resale price, and this appeal presents the question of whether in the sale to appellees Fitch was obligated to account to them for one-half of that amount, theretofore collected by him. Concerning that question, the conveyance from appellant to appellees embraced this stipulation:

"It is further agreed and understood by and between the grantors and grantees herein that there are certain small portions of the properties described in the deed from the New York & Brownsville Improvement Company, Limited, to Homer L. Fitch, which is recorded in vol. 102, at pages 12 to 20 inclusive, Deed Records, Cameron county, Texas, which are covered by this conveyance, and covering which no releases have yet been executed and deliv-

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ered releasing same from the lien reserved in said deed from the New York & Brownsville Improvement Company, Limited, to Homer L. Fitch, but which small portions of said property have been contracted to be sold by said Homer L. Fitch, said sales contracts now being outstanding; and it is agreed by the grantors and grantees herein that as to said property so covered by said sales contracts, said sales contracts shall be in all respects carried out as fully and completely as if the same had been made after the execution and delivery of this instrument, and that all the proceeds *which have arisen* and which may arise from said sales contracts, shall be divided the same as if said small portions of said property had been sold subsequent to the execution and delivery of this instrument."

The chief controversy here grows out of the underscored words, "which have arisen," which, if enforced, required Fitch to account to appellees for one-half of the $20,000 he had previously collected as part of the consideration for parcels he had resold but which had not been released from the prior lien held by his vendor, who had not been paid the full consideration therefor. Appellees contend that the provision was properly incorporated in the contract and reflected the true agreement of the parties; while appellant contends that no such agreement was reached by the parties, but that the provision was inserted in the contract "by mutual mistake, accident or inadvertence of the scrivener or draftsman, or the actual or constructive fraud of appellees or their agents."

Subsequently, Lomax and Henson brought this action against Fitch to recover one-half of the sum in question, that portion amounting to $10,022.13, and also to recover an additional sum of $10,536.84, being one-half of certain amounts they had advanced in excess of their obligation to Fitch to save the property from foreclosure. A jury trial resulted in a judgment for Lomax and Hanson for approximately the amount sued for, and Fitch has appealed.

[1] Appellant did not seek to rescind the contract by which he conveyed a part of his interest to appellees, and while in his pleadings he prayed for reformation of the instrument so as to exclude the objectionable provision, he abandoned that prayer upon the trial, and it is out of the case. The practical effect of this course was to cut himself off from whatever remedy he may have had against the operation of the contract, in all its provisions, as written and executed by the parties. In this status the court could not decree a rescission nor a reformation, for, in the case made by the pleadings the contract stood unimpeached before him, and appellant cannot complain at the action of the court in upholding and enforcing it as written.

[2] It is conceded by appellant that he executed the contract as written, and in the form in which appellees now seek to secure its enforcement. He contends that the offending clause was inserted in the instrument by mutual mistake of all the parties, or through the fraud of his adversaries, and that he did not read the contract before executing and delivering it, wherefore he was ignorant of the presence therein of the objectionable clause. Whether this conceded carelessness on his part deprives him of the right to assert his defenses need not be decided, for it is further conceded by him that he made no complaint upon discovering the clause in the contract. Upon the other hand, it appears that on the advice of his attorney he "kept quiet and said nothing" to his adversaries, thereby inducing them to act upon the assumption that he acquiesced in and confirmed the contract as written. In this belief, appellees proceeded to pay him in due course the balance of the consideration for the contract amounting to $80,000 and to advance approximately $20,000 additional in protecting the whole property. We conclude from these facts that, aside from all other questions in the case, appellant waived his claim of fraud and mistake, and is estopped from complaining of the terms and conditions of the contract as written.

[3] Notwithstanding the fact that appellant did not pray for rescission and had abandoned his prayer for reformation, the trial court nevertheless submitted to the jury the issue of whether or not in entering into the contract the parties agreed to the provision that appellant should account to appellees for the moneys he had theretofore collected upon the uncompleted sales. The jury answered this issue in the negative, but the court nevertheless rendered judgment (enforcing the contract as written, thereby giving effect to the provision which the jury found had not been agreed to by the parties. Appellant contends that by this procedure the court rendered a judgment which was in direct conflict with the verdict, and that therefore the judgment should not stand. It is true, in a sense, that the judgment was in conflict with that finding, and if the finding were material to the case, the court would have had no power to render a judgment in conflict therewith. But in view of the conclusions set out above, that finding becomes immaterial, for, whether or not the parties actually agreed to the provision mentioned, that provision was expressly included in the contract, was acquiesced in, acted upon and confirmed by all the parties, including appellant, and will therefore be enforced along with all the other provisions of the instrument. All the other issues in the case were submitted to the jury, who answered each of them in favor of appellees and against appellant. Those issues, without reference to the one answered adversely to appellees fully warrant the judgment rendered; and the one issue, being immaterial, will be disregarded and the judgment upheld. We overrule appellant's first, second, and ninth

propositions of law in which this question is raised.

[4] In his third and fourth propositions of law appellant attacks the judgment appealed from upon the ground that the evidence was insufficient to warrant the submission of the special issue designed to elicit the amount advanced by appellees upon the property involved, and for which appellees were allowed to recover. This complaint is founded upon the contention that the evidence upon which this issue was based was incompetent. Without passing directly upon the question of the competency of the evidence, we hold that it was of a character, and was sufficient, to warrant the submission of the issue. Besides, the issue was prepared by appellant, was submitted by the court at appellant's request, and he will not now be heard to complain of its submission. The third and fourth propositions will therefore be overruled. The fifth proposition, complaining of the action of the court in overruling appellant's general demurrer, will also be overruled. The petition of the plaintiffs below was sufficient as against the general demurrer.

[5] Appellant complains in his sixth proposition that the court erred in admitting in evidence an exhibit attached to appellees' petition purporting to show the several items of alleged indebtedness from appellant to appellees. But appellant does not show in his brief, either by setting out particular testimony or bills of exception or other parts of the record, or otherwise except by his general conclusions, under what circumstances this document was admitted in evidence, and the matter is not presented in any manner which will enable an appellate court to intelligently pass upon the question sought to be raised in this proposition, which will therefore be disregarded. For the same reason the seventh proposition cannot be considered.

In his eighth proposition appellant complains of the disposition below of his contention that the wrongful acts of appellees forced appellant to dispose of a part of his interest in the property to a third party, but we conclude that this complaint is deprived of merit by the finding of the jury against his chief contention, and the proposition must therefore be overruled. For a like reason the ninth proposition will be overruled, and the tenth is overruled as being without merit.

[6, 7] The judgment appealed from sought to conclude the right of Mrs. Fannie A. Fitch, who is not a party to the suit for any purpose, and appellant complains of this action in his eleventh proposition of law. If Mrs. Fitch was not a party to the suit she is not bound or concluded by the judgment, and appellants, in any event, are not in a position to complain of the judgment as to her, since they are not injured thereby. The proposition is overruled.

[8] In his twelfth, thirteenth, and fourteenth propositions appellant complains of the admission of testimony. The testimony complained of, however, is not set out in the brief, the bills of exceptions showing its admission or the objections thereto are not set out, and we are given no means of determining the admissibility of the evidence or the sufficiency of the objections thereto, except by the general conclusions of appellant with reference thereto. In order to enable an appellate court to determine such matters the rules require the complaining party to set forth the very testimony objected to, or at least a full, substantial statement thereof, with appropriate record references. These rules have not been observed by appellant, and in order to properly consider the appellant's complaint this court is relegated to a search of the record at large, which consists of a 443-page statement of facts and a 154-page transcript. We decline the responsibility.

The judgment is affirmed.